DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

CERTAIN UNDERWRITERS AT LLOYDS   )
OF LONDON SUBSCRIBING TO POLICY  )
NO. CPS200601660,                  )
                               )
          Plaintiff,       )    Civil No. 2013-40
                               )
          v.                )
                               )
JOHNNY LE d/b/a NAILS TIME,     )
                               )
          Defendant.      )
                               )
_____)

ATTORNEYS:

**Garry E. Garten, Esq.**
Law Office of Wilczynski & Garten, P.C.
St. Thomas, VI
    *For Certain Underwriters at Lloyds of London,*

**Lee J. Rohn, Esq.**
Lee J. Rohn and Associates
**Eszart A. Wynter, Esq.**
Law Offices of Eszart A. Wynter, Sr.
St. Croix, VI
    *For Johnny Le, d/b/a Nails Time.*

<u>MEMORANDUM OPINION</u>

Before the Court is the August 23, 2013, motion of Johnny

Le d/b/a Nails Time ("Nails Time") appealing the Magistrate

Judge's August 20, 2013, Order (ECF No. 27) striking Nails

Time's answer because it was filed out of time.

*Lloyds of London v. Johnny Le d/b/a Nails Time*
Civil No. 2013-40
Memorandum Opinion
Page 2

On April 18, 2013, Certain Underwriters at Lloyds of London ("Underwriters")[1] filed the instant declaratory judgment action against Nails Time (ECF No. 1). On July 15, 2013, almost three months later, Nails Time filed an Answer, Counterclaim, and Third Party Complaint (ECF No. 15). On July 17, 2013, the Underwriters filed a motion to strike Nails Time's answer (ECF No. 16) because it was filed out of time. On August 20, 2013, the Magistrate granted the July 17, 2013, motion to strike (ECF No. 27).

A party may seek review of a Magistrate's non-dispositive order by filing objections within ten days of being served with a copy of the order. Fed. R. Civ. P. 72(a); LRCi 72.2; *Harrison v. Bornn, Bornn & Handy,* 200 F.R.D. 509, 513 (D.V.I. 2001). The same procedure is followed to seek review of a Magistrate's report and recommendations on a dispositive matter. Fed.R.Civ.P. 72(b).

For nondispositive motions,[2] the Federal Rules of Civil Procedure provide that a district judge "must consider timely

---

[1] The Underwriters' complaint specifies that the Underwriters are those subscribing to Policy Number CPS200601660 from September 25, 2011, through September 25, 2012, comprised of Conopius Holdings UK Limited, a business incorporated under the laws of England and Wales with their principal place of business at Gallery 9, One Lime Street, London, England.

[2] The Court does not agree with the Underwriters that the August 20, 2013, Order was a ruling on a dispositive motion.

*Lloyds of London v. Johnny Le d/b/a Nails Time*
Civil No. 2013-40
Memorandum Opinion
Page 3

objections [to a magistrate judge's order] and modify or set

aside any part of the order that is clearly erroneous or is

contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. §

636(b)(1)(A); *see also Anthony ex rel. Lewis v. Abbott,* 289

F.Supp.2d 667, 671 (D.V.I. 2003); *United States v. Bennett*, CIV.

2004-34, 2008 WL 2149440 (D.V.I. May 20, 2008).

   The Federal Rules of Civil Procedure require a defendant to

serve an answer within 21 days after being served with the

summons and complaint. Federal Rule of Civil Procedure

12(a)(1)(A). The court "*may*, for good cause, extend the time . .

. on motion made after the time has expired if the party failed

---

   Federal Magistrate Judges derive their authority from the Federal
   Magistrates Act. *See* 28 U.S.C. § 636 *et. seq.* "In general, a Magistrate
   Judge, without the consent of the parties, has the power to enter
   orders which do not dispose of the case." *In re U .S. Healthcare,* 159
   F.3d 142, 145 (3d Cir.1998); *see also* Fed.R.Civ.P. 72 (providing
   guidelines for distinguishing between dispositive and non-dispositive
   motions). However, the Federal Magistrates Act "draw[s] a sharp
   distinction between dispositive and nondispositive matters in
   determining a Magistrate Judge's powers." *Id.* A Magistrate Judge can
   adjudicate dispositive matters only upon consent of the parties, and
   special designation of the district court. *See* 28 U.S.C. § 636(c)(1);
   *see also Perez v. Sec'y of Health and Human Serv.,* 881 F.2d 330, 336
   (6th Cir.1989)( "While the Federal Magistrates Act is intended to ease
   the burden on the district courts, it is not intended to permit the
   court to abdicate its obligations."). A motion is dispositive where it
   has a final effect on the rights of the parties. *See, e.g., N.L.R.B. v.
   Frazier,* 966 F.2d 812, 816–817 (3d Cir.1992) (finding a proceeding to
   be dispositive where it "determines with finality the duties of the
   parties"). In contrast, a motion is nondispositive where it does not
   dispose of "a claim or defense of a party." *In re U.S. Healthcare,* 159
   F .3d 142, 146 (3d Cir.1998).

*United States v. Bennett*, CIV. 2004-34, 2008 WL 2149440 (D.V.I. May 20,
2008). The Underwriters' motion to strike the answer will not bring about
final disposition of their claims. Therefore, the motion to strike was not
dispositive.

*Lloyds of London v. Johnny Le d/b/a Nails Time*
Civil No. 2013-40
Memorandum Opinion
Page 4

to act because of excusable neglect." Federal Rule of Civil
Procedure 6(b)(1)(B) (emphasis added). "[D]etermining whether
neglect is excusable is an 'equitable' determination that 'takes
account of all relevant circumstances surrounding the party's
omission.'" *In re O'Brien Envtl. Energy, Inc.,* 188 F.3d 116, 125
(3d Cir. 1999).

In *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.
Partnership*, the United States Supreme Court articulated four
factors that a Court should consider to determine whether a
failure to act was a result of "excusable neglect": "the danger
of prejudice to the [non-moving party], the length of the delay
and its potential impact on judicial proceedings, the reason for
the delay, including whether it was within the reasonable
control of the movant, and whether the movant acted in good
faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.
Partnership,* 507 U.S. 380, 395 (1993); *see also Drippe v.
Tobelinski,* 604 F.3d 778, 784-785 (3d. Cir. 2010) (holding that
the *Pioneer* factors apply to motions under Fed.R.Civ.P. 6(b)).

The Court will apply the four *Pioneer* factors to determine
whether Nails Time's failure to file its answer until July 15,
2013, was due to excusable neglect.

The first factor asks the Court to consider the danger of
prejudice to Nails Time. As Nails Time notes, the Magistrate's

*Lloyds of London v. Johnny Le d/b/a Nails Time*
Civil No. 2013-40
Memorandum Opinion
Page 5

Order will result in striking Nails Time's answer, counterclaim, and third-party complaint, which will result in default judgment being entered against him.

Second, the Court considers the length of the delay and its potential impact on judicial proceedings. Here, Nails Time was served on April 23, 2013. The answer was initially due on May 14, 2013. Nails Time moved to extend the deadline. The Court granted the motion, extending the deadline to July 5, 2013. Nails Time did not file its answer until July 15, 2013. A ten day delay hardly disrupts judicial proceedings.

Third, the Court considers the reason for Nails Time's delay in filing its answer, including whether the delay was in the reasonable control of the movant. Here, the Magistrate found that Nails Time failed to provide any reason or explanation for the untimely filing of the answer and its failure to seek leave of the Court to file the answer out of time. Nails Time notes that its owner, John Phuoc-Le ("Phuoc-Le") speaks and understands little English and is not familiar with the legal system. Nails Time had retained the services of an attorney, but notes that Phuoc-Le misunderstood his lawyer and did not realize that he needed to do anything else and did not return to the lawyer's office to confer on an answer, counterclaim, or third-party complaint. When circumstances are not unique or

*Lloyds of London v. Johnny Le d/b/a Nails Time*
Civil No. 2013-40
Memorandum Opinion
Page 6

compelling, the third *Pioneer* factor does not cut in favor of finding excusable neglect. *In re Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine) Products Liab. Litig.*, 92 F. App'x 890, 893 (3d Cir. 2004) (noting that the third factor weighs against finding excusable neglect when an attorney merely files the wrong form when "the circumstances surrounding [] counsel's mistake in filing the wrong form are neither unique nor compelling"). Here, the client's misunderstanding is neither unique nor compelling. It is an attorney's responsibility to be sure his or her client understands the strategy of a lawsuit.

Fourth, the Court considers whether the movant acted in good faith. Nails Time moved for an extension of time to file its answer on June 6, 2013. The Court granted that motion on July 1, 2013. Though the time between the granting of the extension and extended deadline itself is short—only four days—Nails Time was on notice from April 23, 2013, at the time it was served with the summons and complaint.

*Lloyds of London v. Johnny Le d/b/a Nails Time*
Civil No. 2013-40
Memorandum Opinion
Page 7

The Court agrees with the Magistrate's finding, and holds
that the August 20, 2013, Order is not clearly erroneous or
contrary to law. Therefore, for the reasons discussed above, the
Underwriters' motion objecting to the Magistrate Judge's August
20, 2013, Order is **DENIED**.


                                    S_____
                                         **Curtis V. Gómez**
                                         **District Judge**