DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | | |
|---|---|---|
| CERTAIN UNDERWRITERS AT LLOYDS OF LONDON SUBSCRIBING TO POLICY NO. CPS200601660, | ) ) ) ) | |
| Plaintiff, | ) ) | Civil No. 2013-40 |
| v. | ) ) | |
| JOHNNY LE d/b/a NAILS TIME, | ) ) | |
| Defendant. | ) ) | |
| JOHNNY LE d/b/a NAILS TIME, | ) ) | |
| Counter-Claimant and Third-Party Plaintiff, | ) ) ) ) | |
| v. | ) ) | |
| CERTAIN UNDERWRITERS AT LLOYDS OF LONDON SUBSCRIBING TO POLICY NO. CPS200601660, | ) ) ) ) | |
| Counter Defendant and Third-Party Defendant, | ) ) ) ) | |
| MARSHALL AND STERLING, | ) ) | |
| Third-Party Defendant. | ) ) ) | |

**ATTORNEYS:**

**Garry E. Garten, Esq.**
Law Office of Wilczynski & Garten, P.C.
St. Thomas, VI
    *For Certain Underwriters at Lloyds of London,*

**Lee J. Rohn, Esq.**
Lee J. Rohn and Associates

*Lloyds of London v. Johnny Le d/b/a Nails Time*
Civil No. 2013-40
Memorandum Opinion
Page 2

**Eszart A. Wynter, Esq.**
Law Offices of Eszart A. Wynter, Sr.
St. Croix, VI
    *For Johnny Le, d/b/a Nails Time.*

## MEMORANDUM OPINION

Before the Court is the motion of Certain Underwriters at Lloyds of London for summary judgment against Johnny Le d/b/a Nails Time ("Nails Time").[1]

### I.    FACTUAL AND PROCEDURAL HISTORY

John Phuoc-Le, also known as Johnny Le ("Phuoc-Le"), owns and operates Nails Time. Nails Time is a nail salon business located in the Golden Rock Shopping Center in Christiansted, St. Croix, Virgin Islands. Nails Time offers grooming services including manicures and pedicures.

Marshall and Sterling Insurance ("Marshall and Sterling") is an insurance agency located in Saint Croix that provides insurance coverage services.

Nails Time purchased Insurance Policy Number CPS200601660 ("the policy") from Marshall and Sterling in the amount of $1,000,000 with a $500 deductible. From September 25, 2011, through September 25, 2012, the policy was underwritten by

---

[1] The Court previously granted judgment in favor of Certain Underwriters at Lloyds of London. This memorandum opinion provides the reasoning for the Court's December 27, 2013 Judgment against Nails Time.

Certain Underwriters at Lloyds of London, a business incorporated under the laws of England and Wales ("Lloyds").

On July 19, 2012, Michael Kitnurse ("Kitnurse"), a resident of Tampa, Florida, arrived at Nails Time to obtain a pedicure. A technician was assigned to provide him with a pedicure. The technician placed Kitnurse's feet in a water basin without first checking or monitoring the water temperature in the basin. Kitnurse alleges that, at the time of his visit to Nails Time, he did not know that he suffers from peripheral neuropathy, a condition of the nervous system that often causes numbness in hands and feet. Kitnurse had received several pedicures prior to his arrival at Nails Time, and had never before been injured. Kitnurse alleges that the technician's failure to monitor the water temperature caused Kitnurse to suffer serious burns requiring surgery and continued treatment at a burn clinic.

Subsequently, on December 19, 2012, Kitnurse filed suit against Nails Time and a Nails Time technician. *Michael Kitnurse v. John Phuoc-Le d/b/a Nails Time and Jane Doe*, Civil Case No. 2012-112 (the "Personal Injury Lawsuit"). That lawsuit has since settled.

In the instant action, Lloyds asks for a declaratory judgment that the terms of the policy agreement do not obligate Lloyds to provide indemnification or defense of the Personal

Injury Lawsuit. Lloyds further requests a judgment declaring that any settlement agreement between Nails Time and Kitnurse or any other party is unenforceable as to Lloyds.

On August 2, 2013, Lloyds moved for summary judgment against Nails Time. On December 27, 2013, the Court granted the motion for summary judgment.

## II. DISCUSSION

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Hersh v. Allen Prods. Co.*, 789 F.2d 230, 232 (3d Cir. 1986).

The movant has the initial burden of showing there is no genuine issue of material fact, but once this burden is met it shifts to the non-moving party to establish specific facts showing there is a genuine issue for trial. *Gans v. Mundy*, 762 F.2d 338, 342 (3d Cir. 1985). The non-moving party "may not rest upon mere allegations, general denials, or . . . vague statements." *Quiroga v. Hasbro, Inc.*, 934 F.2d 497, 500 (3d Cir. 1991). "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

"[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* In making this determination, this Court draws all reasonable inferences in favor of the opposing party. *See Bd. of Educ. v. Earls*, 536 U.S. 822, 850 (2002); *see also Armbruster v. Unisys Corp.*, 32 F.3d 768, 777 (3d Cir. 1994).

### III. <u>ANALYSIS</u>

In support of its motion for summary judgment, Lloyds argues that the terms of its policy agreement exclude coverage for Kitnurse's injury. This Court has previously ruled:

> The interpretation, construction and legal effect of an insurance policy is a question to be determined by the court as a matter of law. Courts interpreting insurance policies should read the provisions within the context of the entire policy and any extensions attached thereto. Furthermore, courts should read policy provisions to avoid ambiguities, if possible, and not torture the language to create them.

*Devcon Int'l Corp. v. Reliance Ins. Co.*, 2007 U.S. Dist. LEXIS 78672, at *7 (D.V.I. 2007) (internal citations and quotations omitted).

To determine whether an insurer has a duty to provide legal defense coverage, the Court must first "determin[e] the scope of coverage under the policy, [then] examine the complaint in the underlying action to determine whether it triggers coverage."

*Lloyds of London v. Johnny Le d/b/a Nails Time*
Civil No. 2013-40
Memorandum Opinion
Page 6

*Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 226 (3d. Cir 2005). "The duty to defend comes into play when a claim is made against an insured which may potentially be covered by the policy." *Hess Oil V.I. Corp. v. Firemen's Fund Ins. Co.*, 626 F. Supp. 882, 885 (D.V.I. 1986). "[I]n determining whether a duty to defend exists, the factual allegations of the complaint are controlling." *In re Tutu Water Wells Contamination Litig.*, 32 F. Supp. 2d 808, 813 (D.V.I. 1998) (internal citations and quotations omitted).

Here, Lloyds directs the Court to certain provisions of the policy that address coverage. Specifically, Lloyds asserts that the policy includes certain forms, which outline the limits of the policy as well as certain circumstances for which no coverage is provided.

One form entitled "General Coverage Form" provides that Lloyds

> will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply . . . .

General Coverage Form, Section I, Coverage A, Part 1 (ECF 1-1, p. 61).

The Professional Services Exclusion form provides,

> This insurance does not apply to liability arising out of the provision of or the failure to provide professional services.

Exclusion, Professional Services CPSE 01/2006 ("Professional Services Exclusion") (ECF 1-1, p. 98).

The Grooming and Therapy Exclusion form further provides that

> [w]ith respect to any operation shown in the Schedule, this insurance does not apply to "bodily injury" . . . arising out of the rendering of or failure to render any service, treatment, advice or instruction for the purpose of appearance or skin enhancement . . . or personal grooming or therapy. . . .

Exclusion, Specified Therapeutic or Cosmetic Services CG 22 45 07 98 ("Grooming and Therapy Exclusion") (ECF 1-1, p. 101).

The Court finds no ambiguity in the relevant language of the General Coverage Form; the Professional Services Exclusion; or the Grooming and Therapy Exclusion (collectively, the "Exclusion Provisions"). The plain language of the Exclusion Provisions makes clear that the Insurance Policy excludes coverage for "bodily injury" if the alleged basis of the insured's liability is furnishing, or failing to furnish, professional services. To determine whether that exclusion applies here, the Court must examine the allegations in the Personal Injury lawsuit.

The claims in the Personal Injury Lawsuit allege that Nails Time's nail technician, Jane Doe, "did not check the water

temperature in the foot spa basin prior to placing [Kitnurse's] feet in the bath" and "did not monitor and adjust the water temperature in the foot spa basin after she placed [Kitnurse's] feet into the bath." (*Personal Injury Lawsuit*, Compl. ¶ 7, 9). The underlying complaint alleges that the failure to monitor and adjust the temperature of the water used during the pedicure, as well as a failure to monitor the temperature of certain towels, caused Kitnurse's injuries.

Those claims seek relief for bodily injuries arising out of precisely the type of activity barred by the Exclusion Provisions. Indeed, the General Coverage Form provides that Lloyds will have no duty to defend against a lawsuit arising out of bodily injury where an exclusion applies. There are two exclusions relevant here: the Professional Services Exclusion, and the Grooming and Therapy Exclusion. The Professional Services Exclusion does not allow for coverage of bodily injury arising out of the provision of, or failure to provide, professional services. It is undisputed that providing a pedicure, such as that which Kitnurse alleged caused his injuries, is a professional service provided by Nails Time. The Grooming and Therapy Exclusion excludes coverage for bodily injury arising out of rendering or failing to render any service or treatment related to appearance, personal grooming, or

therapy. Again, it is beyond cavil that Kitnurse's pedicure is a service or treatment rendered by Nails Time to address appearance, personal grooming, or therapy. In either case, the letter and spirit of the exclusion capture the services rendered by Nails Time, which are alleged to have caused Kitnurse's bodily injuries.

The Court finds that the claims alleged are indistinct from that category of bodily injury claims that the Exclusion Provisions cover. Because the claims in the Personal Injury Lawsuit are excluded from coverage, the Court finds as a matter of law that Lloyds has met its summary judgment burden and demonstrated that there are no genuine issues of fact and that Lloyds is entitled to judgment as a matter of law. The burden of persuasion thus shifts to Nails Time to show the existence of some genuine issue of material fact.

To meet that burden, the non-moving party "may not rest upon mere allegations, general denials, or . . . vague statements . . . ." *Quiroga v. Hasbro, Inc.*, 934 F.2d 497, 500 (3d Cir. 1991). "[T]here is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

*Lloyds of London v. Johnny Le d/b/a Nails Time*
Civil No. 2013-40
Memorandum Opinion
Page 10

Nails Time neither filed an opposition to the summary judgment motion[2] nor presented any record evidence illustrating that the Exclusion Provisions do not apply to the facts asserted in the Personal Injury Lawsuit. Rather, Nails Time filed a document entitled Opposition to the Plaintiff's Motion to Decide Pending Motion for Summary Judgment Without Consideration of Opposition (ECF No. 41).[3] In that document, Nails Time acknowledges the summary judgment motion and Nails Time's obligation to file an objection. Indeed, Nails Time stated:

> If the Underlying Action is not resolved in mediation, Defendant will notify this Court and file a response to the Summary Judgment motion within 20 days of October 9, 2013.

(ECF No. 41.) In so doing, Nails Time proposed, and by its actions, apparently unilaterally concluded that an opposition was neither appropriate nor due. Essentially,

---

[2] On June 6, 2013, Nails Time filed a motion for extension of time to file an answer. The Magistrate Judge granted the motion for extension of time until July 5, 2013. Nails Time failed to file its answer within this window, and filed an answer on July 15, 2013. Lloyds filed a motion to strike the answer because it was filed out of time. On August 20, 2013, the Magistrate Judge granted Lloyds's motion and struck the answer. Nails Time filed a motion objecting to the Magistrate Judge's order. On March 7, 2014, the Court denied Nails Time's motion. Thus, the Magistrate Judge's order stands and the answer has been stricken. A failure to file an answer could have resulted in the Clerk of Court entering default against Nails Time. Fed. R. Civ. P 55. Here, entry of default was never requested and default was never entered. In any event, Nails Time could have filed an opposition to the summary judgment motion. Remarkably, Nails Time did not.

[3] It is interesting to note that Nails Time indicated that it would file an opposition to the motion for summary judgment "within 20 days of October 9, 2013" if the matter was not resolved in mediation. (ECF No. 41.) There is no record evidence that this matter was resolved in mediation. There is also no record evidence that Nails Time acted in accordance with its promise to file an opposition by October 29, 2013.

Nails Time took the position that to the extent that it submitted an opposition, such submission would be done in a manner, and at a time, of Nails Time's choosing. (*Id.*) That approach, while arguably bold, is legally deficient. Indeed, the record is completely devoid of any evidence that the claims asserted in the Personal Injury Lawsuit meet the requirements for coverage under the Insurance Policy. In sum, Nails Time has done nothing to satisfy its burden.

Thus, the Court concludes that Lloyds does not have a duty to defend or indemnify Nails Time in Kitnurse's Personal Injury Lawsuit because the negligence claim against Nails Time falls under the Exclusion Provisions.

## IV. CONCLUSION

For the foregoing reasons, the Court finds that there are no material facts in dispute and that Lloyds is entitled to judgment as a matter of law. Accordingly, the Court will grant Lloyds's motion for summary judgment.